In re **TRICO STEEL COMPANY, L.L.C.**, Debtor.

No. 01–401.

United States Bankruptcy Court, N.D. Ohio.

April 27, 2001.

916

Michael R. Nestor, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE.

H. Jeffrey Schwartz, Benesch Friedlander Coplan Aronoff LLP, Cleveland, OH.

Burt W. Newsome, Wolfe, Jones & Boswell, Huntsville, AL.

Kenneth S. Ziman, Robert H. Trust, Simpson Thacher & Bartlett, New York City.

James Helton Joseph, Klett Rooney Lieber & Schorling, Pittsburgh, PA.

Donald M. Robiner, U.S. Trustee, Cleveland, OH.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the motion of Trico Steel Company, L.L.C. ("Trico") for a determination, pursuant to FED. R. BANKR. P. 1014(b), of the judicial district which is appropriate for the administration of this case. Trico is a Chapter 11 debtor, having filed its petition for relief under Chapter 11 of Title 11, United States Code, in the District of Delaware on March 27, 2001. A 50% equity interest in Trico is owned by LTV–Trico, Inc., a Chapter 11 debtor which filed its petition in this Court on December 29, 2000. Because of this affiliation between Trico and LTV, the judge presiding in the District of

Delaware has requested Trico to seek a determination from this Court of the correct or appropriate venue for administration of Trico's estate as between that district and this one.

 Trico is a Delaware corporation with its principal place of operation and the principal location of its assets in the state of Alabama. But for the LTV–Trico filing, Trico has no direct connection with this judicial district. Because of the earlier filed LTV–Trico petition, venue in this district is permissible pursuant to 28 U.S.C. § 1408(2). Venue is also appropriate under 28 U.S.C. § 1408(1) in the District of Delaware and in the appropriate judicial district in Alabama. Because Trico chose to file in Delaware rather than in Alabama, and because no party in interest or the United States Trustee urges the latter as a place of venue, we do not consider it for purposes of this motion. Our sole consideration is whether venue should be changed from where Trico initially filed its petition.

The procedure provided for consideration of venue when petitions involving related debtors are filed in different judicial districts is found in FED. R. BANKR. P. 1014(b). That Rule provides that on motion filed in the district in which the first petition was filed, the court may determine "in the interest of justice or for the convenience of the parties" which district or districts the case or cases *should* proceed.

From the hearing record and the motion papers, we know that Trico is not intending to reorganize its business affairs and continue in business. Rather, it is intended that Trico will liquidate or seek a sale pursuant to 11 U.S.C. § 363. LTV–Trico has discontinued further investment in Trico and reportedly has taken a full writeoff of its original investment in Trico. The other two equity owners are not funding Trico or making demands on LTV–Trico for further investments. Thus, we are not confronted with the usual reorganization considerations, such as collective bargaining agreement or retiree benefit issues nor are we apparently concerned with treatment of LTV–Trico's original investment or of any obligation it may be claimed to have for further contributions to Trico.

 On review of the record as a whole, this Court concludes that there are no pressing interests of justice to be considered beyond those ordinarily found in administration of a liquidating Chapter 11 case. The sole remaining procedural consideration under the Rule appears to be the convenience of the parties. The parties are considered to be the debtor, its creditors and witnesses. *Solomon v. Continental Am. Life Ins. Co.,* 472 F.2d 1043, 1047 (3rd Cir.1973). The convenience of counsel or of other professionals does not appear to be a consideration intended by adoption of Rule 1014, as professionals employed pursuant to 11 U.S.C. § 327 *et seq.* are not parties as that term is generally used. In another context, where "convenience of parties" venue transfers are considered under 28 U.S.C. § 1404(a), the convenience of parties' counsel is given no weight in determining whether to transfer venue. *Burstein v. Applied Extrusion Techs., Inc.,* 829 F.Supp. 106, 112 (D.Del. 1992), citing *Solomon v. Continental Am. Life Insur. Co.,* 472 F.2d, at 1047 ("convenience of counsel is not a factor to be considered"), citing *Chicago, Rock Island and Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955).

 Trico urges that substantial or significant, even great, weight or deference should be given a debtor's choice of venue, where that venue choice is proper. That is a fair statement of but one of the several

rules which courts apply in looking at venue issues, *see Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), *superseded by statute on other grounds as stated in Gazis v. John S. Latsis (USA), Inc.*, 729 F.Supp. 979, 987 (S.D.N.Y.1990), so long as FED. R. BANKR. P. 1014(b) procedural considerations are not offended. Were this solely an argument of convenience of the professionals, we would give little weight to the argument and would, rather, look to other considerations. Here, there is no benefit to the parties to administer the estate of Trico, the related entity, in this district as LTV–Trico now has an essentially passive role respecting Trico and no other compelling reason appears for changing the originally selected venue.

On consideration of the record as a whole, this Court concludes the District of Delaware is the district in which the Trico case should proceed.

**IT IS SO ORDERED.**